## BISON STATE BANK v. WILSON et al.

### (Circuit Court of Appeals, Eighth Circuit. April 28, 1924.)

#### No. 6018.

1. **Mortgages ⟨⟩249(3)—Rights of assignee of note secured by trust deed cannot be affected by subsequent action of assignor or trustee.**

   The assignee of a note secured by deed of trust succeeds to all rights under the deed of trust, and his lien cannot be destroyed or released by the act of the original beneficiary nor of the trustee.

2. **Judgment ⟨⟩707—Assignee of a note secured by mortgage held not bound by decree to which he was not party.**

   The transferee of a note secured by trust deed *held* not bound by the decree in a suit to which he was not a party, and of which he had no notice.

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suit in equity by the Bison State Bank against J. T. Wilson and another. Decree for defendants, and complainant appeals. Affirmed.

J. G. Hutchison, of Kansas City, Mo., for appellant.

Grover Childers, of Kansas City, Mo., for appellees.

Before STONE and LEWIS, Circuit Judges, and PHILLIPS, District Judge.

LEWIS, Circuit Judge. This suit was brought by appellant to restrain Wilson and Osborne, appellees and defendants below, from interfering with appellant's possession of 160 acres of land in Texas County, Missouri, and from making pretended conveyances or otherwise clouding appellant's title. On trial the bill of complaint was dismissed without prejudice. The evidence is brief, consisting of proof of chain of title, a decree theretofore entered by the Circuit Court for Texas County, finding the plaintiff there, appellant here, to be the owner in fee simple, and the testimony of the two appellees. The decision below turned on what was conceived to be the effect of the decree of the State court, and that is the issue here. It was held that it did not bind appellees. A statement of the uncontroverted facts will disclose the merits of the controversy.

On August 1, 1911, John C. Brummer was the owner of the land. On that day he conveyed it by warranty deed to Stephen Blocker, and Blocker gave back a deed of trust to one Groves as trustee, to secure the payment of a $2,500.00 note which Blocker had given to Brummer. This deed of trust was filed for public record with the recorder of deeds in that county on September 8, 1911, and spread of record. Groves as trustee was empowered to sell the land on default in payment of interest or principal of the note, and to convey title on sale to the purchaser. In the event of his failure, and in case of his absence, death or refusal to act, "then whoever shall be the sheriff of Texas County, Missouri, at the time when any advertisement and sale are to be made" became substitute trustee with the same power as given to Groves. There was default, and on sale made by the substitute trustee, appellee Wilson

was purchaser and received a deed from the substitute trustee of date August 15, 1919. In March, 1920, Wilson conveyed to appellee Osborne, who gave back a deed of trust securing the payment of a $3,000.-00 note which Osborne gave to Wilson. The decree of the Texas county court does not fix the date at which appellant was adjudged to have become seized in fee, but whatever title it claimed or had it acquired in 1912, after the deed of trust from Blocker securing the payment of the note to Brummer was given and recorded. Appellant's interest in the land was therefore subject to that deed of trust. The action brought by appellant in the State court was begun in January, 1915. It named Groves and Blocker as defendants, also John C. *Brunner* and a number of other persons, but neither Wilson nor Osborne. William T. Elliott, with whom we are not concerned, who was a defendant in that action, was the only defendant on whom personal service was had; all of the other named defendants were notified by newspaper publication. There was no defense, and decree went for plaintiff, appellant here. Wilson testified that he purchased the Blocker note from Brummer, that he owned it at all times preceding foreclosure, that he bid in the land at the trustee's sale for $3,700.00, that he never heard of or knew anything about the suit brought by appellant, that he was not served with process in that suit, that he had been a resident of Jackson County, Missouri, at all times since 1911, that he did not know the trustee Groves, that he tried to find him before he had the land advertised for sale under the deed of trust given by Blocker and could not, that he then requested the acting sheriff of Texas County to act, that he delivered to him the note and deed of trust, that there was default in payment of both principal and interest, and that he bought the land at the sale. He further testified that he later sold the land to Osborne, and that the $3,000.00 note which Osborne gave to him and secured by a deed of trust was a part of the purchase price, that shortly after taking the note he sold it, and did not know who owned it and had paid no attention to it since. Osborne corroborated Wilson as to his purchase and the giving by him of the $3,000.00 deed of trust.

[1, 2] We think it sufficient to say, as held by the trial court, that the "assignee of a note secured by deed of trust succeeds to all rights under the deed of trust, and that his lien cannot be destroyed or released by the act of the original beneficiary nor of the trustee." The testimony of Wilson establishes without contradiction that he owned the note secured by the Blocker deed of trust at the time the action was brought in the State court. He was not made a party to that suit, he had no notice of it, and is not bound by that decree. Counsel for appellant does not challenge this principle, but attempts to establish the bar of the State decree against Wilson under State statutes dealing with actions to quiet title. As to this, it is sufficient to say that in our judgment neither the procedure nor the underlying facts brought the case within the statute.

Affirmed.